UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INVESTOR COMMUNICATIONS
INTERNATIONAL, INC.,

    Petitioner,

v.

UNITED STATES OF AMERICA, et al.,

    Respondents.

CASE NO. C05-1960JLR

ORDER

## I. INTRODUCTION

This action comes before the court on a motion to dismiss (Dkt. # 5) from the Government and a motion to extend time for service (Dkt. # 9) from Petitioner Investor Communications International, Inc. ("ICI"). For the reasons stated below, the court DENIES the Government's motion and GRANTS ICI's motion.

## II. BACKGROUND

On January 19, 2005, Agent Paul Shipley of the Internal Revenue Service served a subpoena on Bank of America for records related to ICI. Shipley Decl. ¶ 3. On the same day, Mr. Shipley sent notice of the subpoena to ICI by certified mail. Id. ¶ 5.

On February 8, 2005, ICI filed a petition to quash the subpoena in this court (Dkt. # 1). On the same day, ICI sent the petition by certified mail to Bank of America and to Mr. Shipley. Second Cepeda Decl. ¶¶ 1-3, Ex. A.

ORDER – 1

On February 14, 2005, ICI filed an amended petition to quash the subpoena in this court (Dkt. # 3). On the same day, ICI sent the amended petition by certified mail to Bank of America and to Mr. Shipley. First Cepeda Decl. ¶¶ 1-3, Ex. A.

Eight months passed in which neither party took any action. In late October 2005, the Government filed the instant motion to dismiss based on improper service under Federal Rule of Civil Procedure 4. In December 2005, ICI filed the instant motion for an extension of time to effect service. In that motion, ICI noted that it had allegedly properly served its amended petition on the Government under Rule 4 on November 23, 2005.

## III. ANALYSIS

The instant motions raise two separate issues. The first is ICI's obligation to properly serve notice of its petition to quash under 26 U.S.C. § 7609. The second is ICI's obligation to serve notice of its petition under Rule 4. As the first issue puts the court's subject matter jurisdiction in question, the court turns to it first.

**A.   The Court Has Subject Matter Jurisdiction Over ICI's Original Petition.**

Under 26 U.S.C. § 7609(a)(1), the Government must notify a person with an interest in a third-party subpoena (other than the third party) within three days of serving the subpoena, and not less than 23 days before the date the third party must comply with the subpoena. Section 7609(a)(2) governs the manner of serving notice on the interested person. Among other methods of service, the section states that notice is "sufficient" if it is "mailed by certified or registered mail to the last known address of such [interested] person." 26 U.S.C. § 7609(a)(2).

Once the Government serves notice of the subpoena to the interested party, the clock begins to run on the interested party's right to file a petition to quash the subpoena. The interested person must "begin a proceeding to quash such summons not later than the

ORDER – 2

20th day after the day such notice is given in the manner provided in subsection (a)(2)."
26 U.S.C. § 7609(b)(2)(A). The interested party must also "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice [of the subpoena]." 26 U.S.C. § 7609(b)(2)(B).

The obligations imposed on the interested party in subsections (b)(2)(A) and (b)(2)(B) are jurisdictional. In Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985), the court held that the "twenty-day limit must be strictly construed because it is a condition precedent to the [United States'] waiver of sovereign immunity." The court upheld the trial court's dismissal for lack of subject matter jurisdiction. Although Ponsford explicitly addressed only compliance with subsection (b)(2)(A), several district courts have held that the service requirements of subsection (b)(2)(B) are jurisdictional as well. E.g., Beam v. United States, No. 90-6182-JO, 1990 U.S. Dist. LEXIS 16125, at *5 (D. Or. Nov. 14, 1990); Nosewicz v. United States, No. 94-398 PHX EHC, 1995 U.S. Dist. LEXIS 866, at *5 (D. Ariz. Jan. 5, 1995); Strong v. United States, 57 F. Supp. 2d 908, 916 (N.D. Cal. 1999). Because the court finds no basis to distinguish the service provisions of subsection (b)(2)(B) from those of subsection (b)(2)(A), the court holds that an interested party's compliance with subsections (b)(2)(A) and (b)(2)(B) within 20 days of notice of a third-party subpoena is a prerequisite to subject matter jurisdiction.

The 20-day period in which to begin a proceeding under subsection (b)(2)(A) and to provide notice under subsection (b)(2)(B) starts on the date the notice of subpoena is *mailed* to the interested party. E.g., Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985); Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990); Clay v. United States, 199 F.3d 876, 878 (6th Cir. 1999). Several district courts within the Ninth Circuit have come to the same conclusion. E.g., Lodholm v. Reno, No. C00-5004FDB, 2000 U.S. Dist. LEXIS 4442, at *2-3 (W.D. Wash. Mar. 10, 2000); Hill v. Mosby, 896 F.

ORDER – 3

Supp. 1004, 1005 n.1 (D. Idaho 1995).  The Ninth Circuit has yet to address this issue in a published opinion.

In this action, the Government provided notice of the third-party subpoena to ICI by mailing it on January 19, 2005.  ICI thus had until Tuesday, February 8, 2005, to comply with subsections (b)(2)(A) and (b)(2)(B).  ICI's original petition, which it sent by certified mail to Mr. Shipley and Bank of American on February 8, 2005, is therefore timely.  ICI's amended petition, which it did not mail until February 14, 2005, is untimely.[1]

**B.    The Court Grants ICI Additional Time to Address Its Obligations under Rule 4.**

The court turns now to ICI's alleged failure to timely serve its petition under Rule 4.  Other than noting that Rule 4(m) generally requires a party to effect service within 120 days after filing a complaint, there is no need for the court to review the requirements of Rule 4, because ICI has clearly not complied with the rule.  ICI has never attempted to serve its original petition (as opposed to its amended petition) in compliance with Rule 4.  Even as to its amended petition, ICI never served the petition along with a properly issued summons, as Rule 4(c)(1) requires.

The Government has cited no authority establishing that Rule 4 applies to a petition to quash summons under 26 U.S.C. § 7609(b).  The court is unaware of Ninth Circuit authority addressing the issue.  Several district courts have held that Rule 4 applies.  E.g., Hicks v. United States, No. 1:02CV00284, 2003 U.S. Dist. LEXIS 868, at

---

[1] For reasons not apparent from the record, the notice of subpoena that ICI received from the Government directed it to file a petition to quash and serve it within 20 days of January 21, 2005.  Pet. to Quash, Ex. A.  Even if the court uses January 21 as the date on which the Government gave notice, ICI had until February 10, 2005 to comply with subsections (b)(2)(A) and (b)(2)(B) as to its amended petition.  ICI did not comply until February 14, 2005.

ORDER – 4

*4-*5 (M.D.N.C. Jan. 17, 2003), Roebuck v. United States, No. Misc. M-1-83, 1997 U.S. Dist. LEXIS 21551, at *8-10 (S.D. Iowa Dec. 23, 1997).  Other district courts have held that Rule 4 does not apply in a proceeding under 26 U.S.C. § 7609.  E.g., Rich v. Cripe, No. 2:97-0051, 1997 U.S. Dist. LEXIS 17147, at *14 (M.D. Tenn. Oct. 7, 1997).  Although the Fourth Circuit has noted that the Federal Rules of Civil Procedure generally apply to proceedings under 26 U.S.C. § 7609, it has also noted exceptions which may apply in this case.  Alphin v. United States, 809 F.2d 236, 239 (4th Cir. 1987) (noting that rules are inapplicable where a statute provides otherwise, or "when to apply them literally would impair the summary nature of the proceeding").  At least one court has refused to compel the Government to comply with Rule 4 because the tax code provides an alternate service mechanism.  Gaunt v. Internal Revenue Serv., No. 4:MC-96-0022, 1996 U.S. Dist. LEXIS 6531, at *3-4 (M.D. Pa. May 1, 1996).

       The court need not decide at this point whether Rule 4 applies to ICI's petition.  Unlike compliance with the service requirement in 26 U.S.C. § 7609, service under Rule 4 is not a prerequisite to subject matter jurisdiction.  Rule 4(m) provides the court with broad discretion to excuse delayed service.  De Tie v. Orange County, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998) ("If no good cause is shown, the 1993 amendments to Rule 4(m) permit, but do not require, the district court to extend the time for service.").  In this case, the Government received immediate service of ICI's petition in compliance with 26 U.S.C. § 7609.  Even assuming that Rule 4 applies, ICI believed in good faith that it had complied with its service obligations, a belief that it retained while the Government did nothing to challenge service for more than eight months.  On these facts, the court declines to dismiss ICI's petition for improper service.

ORDER – 5

**C.     The Parties Must Immediately Begin to Prosecute this Action.**

This action has languished for more than a year. It will not languish any longer. Within 21 days of this order, ICI must either obtain a summons and effect service of its petition in compliance with Rule 4, or obtain a waiver of service from the Government, or file a motion to establish that Rule 4 does not apply in this action. Within 14 days of service, a waiver of service, or a court order excusing service, the Government must file and properly note a motion to compel compliance with the subpoena. See Ryerson v. Internal Revenue Serv., 371 F. Supp. 2d 1130, 1133 (D. Ariz. 2005) (describing burdens on Government and taxpayer in a petition to quash); see also United States v. Powell, 379 U.S. 48, 57-58 (1964). If any party fails to comply with this order, the court will either dismiss this petition or quash the subpoena for failure to prosecute.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES the Government's motion to dismiss (Dkt. # 5) and GRANTS ICI's motion to extend time for service (Dkt. # 9).

Dated this 15th day of February, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 6